THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
MANUEL A. RODRÍGUEZ SOSA, Defendant and Appellant.

No. CR-63-54.     Decided January 27, 1964.

*José Rafael Gelpí* and *Manuel Abréu Castillo* for appellant.
*J. B. Fernández Badillo, Solicitor General,* and *Américo
Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge
of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted of grand larceny
committed by trickery and deceit. On appeal he alleges that
the Superior Court committed error (1) "in sentencing de-
fendant without there being evidence that the corporation
alleged to be fraudulent in the information did not exist,"
and (2) "in sentencing defendant without evidence for con-
viction."

■ ¨ The first assignment is frivolous. The fictitious corporation of which defendant pretended to be president was called "First International Trust Company." The negative certificate issued by the Department of State—which was admitted in evidence—showed that said corporation was not registered in said Department. Appellant's identification card and the receipts and bond certificates signed by the latter to persons to whom he sold the corporation's shares which he never delivered, refer to the "First International Trust Company." The fact that a witness referred to the corporation as "International Trust Company" does not destroy the reality that the name of the company used by defendant to commit larceny by means of trickery and deceit was "First International Trust Company." Therefore, the prosecuting attorney was not bound to prove that the "International Trust Company" was not registered either in the Department of State.

■ The second assignment is likewise frivolous. The evidence for the prosecution which was the only evidence presented to the jury because defendant did not introduce any evidence, showed that he committed grand larceny using trickery and deceit. Pretending to be president of a corporation engaged in financing businesses, he persuaded Rita Díaz Astacio to buy from him said corporation's shares for the amount of $1,000. He did not deliver the shares to the purchaser under the pretext that they were being printed. He never delivered said shares, nor returned the money to the purchaser. Neither the corporation nor the shares he sold ever existed. As president of said fictitious corporation he received money from a merchant to finance the enlargement of his business. The financing offered never arrived and the money received therefor was never returned. There are other details in the evidence but the facts aforestated establish the commission of the offense charged against defendant. Defendant deceived Rita Díaz Astacio pretending to be president

of a corporation, which actually did not exist, and persuaded her to deliver to him $1,000 to buy shares of said corporation. Said amount was not invested by defendant, as it could not have been invested, to buy said shares because they did not exist. On the contrary, defendant appropriated the $1,000 for his own use. Defendant thus obtained the possession of the $1,000 fraudulently and with the felonious intent of appropriating them for his own use. That is sufficient to establish the crime of larceny by deceit, fraud, or trickery. See *People* v. *Ríos*, 69 P.R.R. 774 (1949).

The judgment appealed from will be affirmed.